# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDES INDUSTRIES, INC.; and<br>PCT INTERNATIONAL, INC.,<br><br>Debtors. | Chapter 11<br><br>Case No. 2:19-bk-14585-PS<br>Case No. 2:19-bk-14586-PS<br><br>*Jointly Administered* |
| THIS FILING APPLIES TO:<br><br>■ All Debtors<br>□ Specified Debtors | **ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION EXIT FINANCING** |

This matter came before the Court pursuant to *Debtor's Motion for Order Authorizing Debtors to Obtain Post-Petition Exit Financing* (the "**Motion**")[1] filed by Andes Industries, Inc. and PCT International, Inc., debtors-in-possession (collectively the "**Debtors**") debtors-in-possession in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"), seeking entry of an Order pursuant to Bankruptcy Code § 364 for TRGP Investment Partners, LP (the "**Funder**") to extend secured financing to the Debtors. Upon consideration of the Motion and the entire record before the Court in these Bankruptcy Cases,

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Motion.

DOC ID - 36644780.5

**THE COURT HEREBY FINDS**, that

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 364.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D); and

3. Notice of the Motion was sufficient under the circumstances and that no other or further notice is required.

4. Based on the record before this Court, the terms of the Liquidity Line and the Investment Facility Documents (i) have been negotiated in good faith; (ii) are fair, reasonable, and in the best interests of the estate and its creditors; (iii) reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties; and (iv) are supported by reasonably equivalent value and fair consideration. Good and sufficient cause has been shown for the entry of this Order.

5. Any amounts up to and including the maximum amount of $5 million provided by Funder pursuant to this Order and the Investment Facility Documents are and shall be deemed provided in "good faith" and Funder shall be entitled to the protections of 11 U.S.C. § 364(e)

6. Each of the foregoing will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

**IT IS HEREBY ORDERED:**

7. The Motion is granted, subject to the terms and conditions set forth in this Order and in accordance with Bankruptcy Code § 364. All objections to the entry of this Order have either been resolved or shall be, and hereby are, overruled on their merits.

8. All amounts provided by Funder pursuant to this Order and the Investment Facility Documents are provided in "good faith" and Funder shall be entitled to the protections of Bankruptcy Code §364(e).

9. Funder is authorized to provide the Liquidity Line to the Debtors upon the terms set forth in this Order and the Investment Facility Documents, filed with the Court under seal in accordance with *the Order Granting Emergency Motion to File Investment Facility Documents Under Seal And Entry of Protective Order* dated July 2, 2021 (Dkt. No. 925).

10. Subject to the terms and conditions of this Order and the Investment Facility Documents, the Debtors are authorized to execute, enter into and perform under the Investment Facility Documents, and to obtain secured financing up to a maximum amount of $5 million pursuant to Bankruptcy Code § 364.

11. In furtherance of the foregoing and without further approval of this Court, the Debtors and Funder are authorized to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order, the Investment Facility Documents and the transactions described herein and therein.

12. The Debtors' may only request funds pursuant to the Liquidity Line upon confirmation of the Plan and the satisfaction of the other conditions precedent to funding set forth in the Investment Facility Documents. The Debtors may use proceeds of the Liquidity Line only to make Effective Date payments under the Plan (as amended, supplemented or modified from time to time).

13. Except as provided in the Investment Facility Documents, Funder's sole recourse for payments of amounts provided to the Debtors pursuant to the Investment

Facility Documents shall be recoveries from the State Court Action, which shall be distributed solely in accordance with the Investment Facility Documents.

14. Pursuant to the Investment Facility Documents and this Order, Funder shall be granted first priority senior security interests in and liens on the Collateral (collectively, the "**Liens**"), subject only to Permitted Liens (each as defined in the Investment Facility Documents). For the avoidance of doubt, and notwithstanding anything to the contrary in the *Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020* [Docket No. 361] (as amended, supplemented or modified from time to time) or otherwise, the Liens shall be senior in all respects to any security interests in and liens on the Collateral granted to Sallyport Commercial Finance, LLC, Expeditors International of Washington, Inc. or any other creditor. The Liens shall be fully perfected upon the date of this Order and without the necessity of the execution, recordation or filings by the Debtors of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, any notation of certificates of title for a titled good, or the possession or control by Funders of, or over, the Collateral.

15. No claim or lien having a priority superior to or *pari passu* with those granted by this Order and the Investment Facility Documents to Funder shall be permitted while any of the Debtors' obligations under this Order and the Investment Facility Documents remain outstanding.

16. Any and all payments made by the Debtors to Funder pursuant to this Order or the Investment Facility Documents shall be received free and clear of any claim, charge, assessment or other liability, whether asserted or assessed by, through or on behalf of the Debtors.

17. After satisfaction of the obligations on the Beus Recovery and the Liquidity Line, as set forth in the Investment Facility Documents, nothing shall impair the Debtors' ability to use the proceeds from any remaining recoveries from the State Court Action for payment to unsecured creditors as set forth in the *Amended Stipulation in Support of*

*Confirmation of the Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020* [Dkt. No. 890].

18. The automatic stay of Bankruptcy Code § 362 is modified to the extent necessary to permit or effectuate the terms of this Order, the Investment Facility Documents, and any other documents evidencing the Liquidity Line.

19. The Investment Facility Documents and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in these Bankruptcy Cases and their respective successors and assigns, and shall inure to the benefit of Funder and the Debtors and their respective successors and assigns.

20. If there is any inconsistency between the terms of the Investment Facility Documents and the provisions of this Order, the provisions of this Order shall control.

21. The Court has and will retain jurisdiction to enforce this Order according to its terms.

22. Notwithstanding the applicability of any stay under the Federal Rule of Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

**DATED AND SIGNED ABOVE.**