SIGNED.

Dated: November 10, 2021

Paul Sala, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDES INDUSTRIES, INC.; and<br>PCT INTERNATIONAL, INC.,<br><br>Debtors.<br><br>THIS FILING APPLIES TO:<br><br>■ All Debtors<br>☐ Specified Debtors | Chapter 11<br><br>Case No. 2:19-bk-14585-PS<br>Case No. 2:19-bk-14586-PS<br><br>*Jointly Administered*<br><br>**ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION DATED AUGUST 10, 2020 [DKT. NO. 361], AS AMENDED** |

On August 10, 2020, Andes Industries, Inc. and PCT International, Inc. (together the "**Debtors**") filed *Debtors' Amended Joint Plan of Reorganization Dated August, 10 2020* [Dkt. No. 361], as amended or supplemented as described in the *Supplemental Disclosures Regarding Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020*[1] [Dkt. No. 891] ( collectively, the "**Plan**").

---

[1] Debtors' Supplemental Disclosures provided for the following modifications to the initial Plan: (I) Modifications to the Plan in accordance with the terms of the *Amended Stipulation in Support of Confirmation of the Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020* [Dkt No. 890]; (II) Modifications to Section IV.C. in accordance with the terms of the "PC Settlement" approved by this Court [Dkt. No. 845]; (III) Modifications to Section IV.A.1 in accordance with the terms of *the Stipulation Providing for (1) Allowance and Plan Treatment of PPP Lender's Administrative Expense Claim; and (2) Other Related Relief* [Dkt. No. 544]; (IV) Modifications to Section IV.A.2 in accordance with the *Stipulation and Order Regarding Treatment of Maricopa County Treasurer's Claim Under Debtors' Proposed Chapter 11 Plan &*

An objection to confirmation of the Plan was filed by Robins Kaplan LLP ("**Robins Kaplan**"). Robins Kaplan filed its *Objection to Confirmation of Modified Plan of Reorganization Proposed by Debtors on June 21, 2021* [Dkt. No. 902] and its *Supplemental Objection to Confirmation of Modified Plan of Reorganization Proposed by Debtors on August 8, 2021* [Dkt. No. 977] (collectively, the "**Plan Objection**"). Beginning on August 10, 2021, the Court conducted a Confirmation Hearing on the Plan and the Plan Objection. The Court having considered the Plan and the Plan Objection, witness declarations and testimony presented at the Confirmation Hearing, and the statements of all counsel appearing at the Confirmation Hearing, and the entire record before this Court, and having considered Robins Kaplan's *Limited Objection Regarding Form of Plan Confirmation Order Proposed by Debtors* [Dkt. No. 1032], and good cause appearing,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

A. **Jurisdiction and Venue**

This Court has jurisdiction over these jointly administered Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Court finds and concludes the Court's retention of jurisdiction as set forth in Article XI of the Plan complies with 28 U.S.C. § 157. Notwithstanding confirmation or the Effective Date having occurred, the Court shall retain and have full jurisdiction as is allowed under Title 28 of the United States Code, the Bankruptcy Code, or other applicable law to enforce the provisions, purposes, and intent of the Plan and this Order.

B. **Adequate Disclosure and Notice; Solicitation and Acceptance of Plan**

The Court finds and concludes that Debtors complied with the notice and solicitation procedures set forth by this Court with respect to the Debtors' Plan, the

---

*Withdrawal of Related Plan Objection* [Dkt. No. 849]; and (V) Modification to Section V.A in so far that creation of a newly formed company would no longer be necessary.

*Debtors' Joint Second Amended Disclosure Statement Relating to Debtors' Joint Plan of Reorganization Dated August 10, 2020* [Dkt. No. 362], and the *Supplemental Disclosures Regarding Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020* ("**Supplemental Disclosures**") [Dkt. No. 891] and further finds and concludes that Debtors' notice and solicitation procedures comply with the requirements of the Bankruptcy Code. Moreover, in accordance with Rule 2002, Federal Rules of Bankruptcy Procedure, the Court finds and concludes that the Debtors provided adequate notice of the time for filing acceptances and rejections, and objections to the confirmation of the Plan, and adequate notice of the confirmation hearing, to creditors and parties in interest. The Court has reviewed the Amended Ballot Report [Dkt. No. 906 at Exhibit A] and finds and concludes that all Classes of Creditors entitled to vote on the Plan have voted to accept the Plan or have been deemed to have voted in favor of the Plan.

### C. Incorporation of Findings and Conclusions

At a hearing on October 29, 2021 (the "10/29/21 Hearing"), the Court stated its findings of facts and conclusions of law with respect to the Debtors' Plan on the record (the "Findings and Conclusions"). *See* Minute Entry dated October 29, 2021 at Dkt. No. 1025. The Court completed its Findings and Conclusions at the 56:30 minute mark of the audio recording of the 10/29/21 Hearing; the Court's comments to the parties after the 56:30 minute mark of the audio recording do not constitute Findings and Conclusions. The Court's Findings and Conclusions stated on the record at the 10/29/21 Hearing are incorporated herein by this reference.[2]

### D. Orders

The Court finds that, upon entry of this Confirmation Order, each term and provision of the Plan will be valid and enforceable in accordance with its terms. Based on the foregoing findings of fact and conclusions of law,

---

[2] The audio recording of the 10/29/21 Hearing at which the Court, among other things, stated its Findings and Conclusions can be accessed at Dkt. No. 1030.

**IT IS HEREBY ORDERED THAT:**

1. The Plan is CONFIRMED.

2. All plan objections, including but not limited to the Plan Objection asserted by Robins Kaplan, that have not been withdrawn, waived or settled with Court approval, are hereby overruled.

3. Debtors and their management are authorized to take or cause to be taken all actions necessary to implement and effectuate the provisions of the Plan.

4. Any executory contract not specifically rejected will be deemed assumed upon the Effective Date.

5. Except for continuing liens, claims, rights and interests of the secured creditors against the Debtors and their estates described in the Plan and as permitted in the Confirmation Order, confirmation of a reorganization acts as a discharge, effective on the Effective Date, of any and all debts of the Debtors that arose any time before confirmation, including, but not limited, to all principal and all interest accrued thereon, pursuant to §1141(d)(1) of the Bankruptcy Code. Such a discharge shall be effective as to each claim, regardless of whether a proof of claim was filed, whether the claim is an allowed claim or whether the holder thereof voted to accept the Plan.

6. Except as provided for in the Plan or this Confirmation Order, on the Effective Date, this Debtors shall be vested with any remaining property or assets from its estate, free and clear of all liens, claims, or other interests of creditors arising prior to the filing date, except as provided by this Plan.

7. In accordance with 28 U.S.C. § 1930(a)(6), Reorganized Debtors shall timely pay all quarterly fees payable to the office of the United States Trustee for this Chapter 11 case, until this case is closed under Bankruptcy Code § 350. During this post-confirmation period, Reorganized Debtors shall timely submit required financial reports on a quarterly basis to the office of the United States Trustee.

8. This Court's retention of jurisdiction, as set forth in Article XI of the Plan is APPROVED. Such retention of jurisdiction does not affect the finality of this Confirmation Order.

9. The Confirmation Date, as defined in the Plan, is the date the Court enters this Confirmation Order on the docket.

10. The Court finds and concludes that good cause exists to waive the requirements of Federal Rules of Bankruptcy Procedure 3020(e). Accordingly, this Order shall be effective immediately upon entry.

11. Debtors shall provide notice of this Order within five (5) business days of its entry to all creditors and parties in interest.

**DATED AND SIGNED ABOVE.**