Thomas J. Salerno (007492)
Alisa C. Lacey (010571)
Anthony P. Cali (028261)
Clarissa C. Brady (036312)
**STINSON LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Thomas.Salerno@stinson.com
Alisa.Lacey@stinson.com
Anthony.Cali@stinson.com
Clarissa.Brady@stinson.com

*Attorneys for Reorganized Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDES INDUSTRIES, INC.; and<br>PCT INTERNATIONAL, INC.,<br><br>Debtors.<br><br>THIS FILING APPLIES TO:<br>■ All Debtors<br>☐ Specified Debtors | Chapter 11<br><br>Case No. 2:19-bk-14585-PS<br>Case No. 2:19-bk-14586-PS<br><br>*Jointly Administered*<br><br>**MOTION FOR ENTRY OF FINAL DECREE AND TO CLOSE CASES** |

Andes Industries, Inc. ("**Andes**") and PCT International, Inc. ("**PCT**" and together with Andes, the "**Reorganized Debtors**") hereby move the Court, pursuant to Bankruptcy Code § 350 and Federal Rule of Bankruptcy Procedure 3022, for the entry of a final decree closing this case. This Motion is support by the attached memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Reorganized Debtors request approval of an order pursuant to Bankruptcy Code § 350(a) and Bankruptcy Rule 3022 closing the Bankruptcy Case. Specifically,

Bankruptcy Code § 350(a) provides that "after an estate is fully administrated" the court shall close the case. 11 U.S.C. § 350(a). Additionally, Bankruptcy Rule 3022 provides that:

> After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

Fed. R. Bankr. P. 3022.

According to the 1991 Advisory Committee Notes to Bankruptcy Rule 3022, factors that the court should consider in determining whether an estate has been fully administered include: (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The Advisory Committee Notes further comment that:

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code. For example, on motion of a party in interest, the court may reopen the case to revoke an order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event.

"[N]ot all of the factors set forth in the Advisory Committee Notes need to be present to establish that a case is fully administered for final decree purposes." *In re Provident Fin. Inc.*, 2010 WL 6259973 at *9 (B.A.P. 9th Cir. Oct. 12, 2010), *aff'd* 466 F.Appx. 672 (9th Cir. 2012). "Rather, bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022,

along with any other relevant factors." *Id.* (*citing In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997)).

In the present case, the following facts support the entry of a final decree:

1. On November 15, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United Stated Bankruptcy Court for the District of Arizona.

2. On November 12, 2021, this Court entered its *Order Confirming Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020 [Dkt. No. 361], As Amended* [Dkt. No. 1034] confirming the *Debtors' Amended Joint Plan of Reorganization Dated August 10, 2020* [Dkt. No. 361] (the "**Plan**").

3. The Plan became effective as of December 10, 2021. *See* Dkt. No. 1047.

4. Each of the requisites named by the Advisory Committee Notes to the 1991 Amendments stated above has been met by the Reorganized Debtors.

5. Through March 24, 2023, the Reorganized Debtors have funded payments to claimants of $5,008,708 under the Plan. That dollar figure also includes payments of $50,912 to secured creditors, $800,000 to priority creditors, and $4,157,796 to unsecured creditors. The Reorganized Debtors have either paid in full all Allowed Administrative Claims in accordance with the Plan, commenced payments of these Allowed Administrative Claims as required under the terms of the Plan, or has reached consensual resolutions with respect to those claims. The Reorganized Debtors are current, or have satisfied, all obligations to creditors due under the Plan.

6. The Reorganized Debtors has transferred all property that was intended to be transferred under the Plan.

7. The Reorganized Debtors are operating under the management proposed under the Plan.

8. There are no administrative matters pending in this case.

9. The Reorganized Debtors are current on all tax obligations owing under the Plan.

10. There is one pending contested matter related to the Debtors' administrative case. On February 26, 2021, the Debtors filed a complaint against, among others, Robins Kaplan LLP ("**RK**") in Maricopa County Superior Court (the "**State Court Lawsuit**"). The Debtors subsequently objected to claims asserted by Robins Kaplan LLP (the "**RK Claims**") in the administrative case. On April 7, 2021, the Court entered the *Order Granting Robins Kaplan LLP and Other Defendants Limited Stay Relief with Respect to Certain State Court Litigation* [Dkt. No. 829]. Pursuant to the Order, the RK Claims were to be liquidated in the State Court Lawsuit. Accordingly, it is not necessary to keep the Chapter 11 cases open to resolve the pending liquidating of the RK Claims. Rather, the administration of the estates is sufficiently complete and keeping the cases open will only cause the Reorganized Debtors to incur significant fees.

11. On February 14, 2023, the Reorganized Debtors filed amended Post-Confirmation Reports for the Quarter Ending December 31, 2022 [Dkt. No. 1116] The Reorganized Debtors have filed all post-confirmation reports and paid all quarterly fees required by the United States Trustee's Office.

WHEREORE, for the foregoing reasons, the Reorganized Debtors respectfully request that the Court enter a final decree in the form attached hereto as **Exhibit A**, thereby closing the Chapter 11 Cases. Reorganized Debtors additionally request such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of March, 2023.

**STINSON LLP**

By: /s/ Anthony P. Cali
Thomas J. Salerno
Alisa C. Lacey
Anthony P. Cali
Clarissa C. Brady
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

*Attorneys for Reorganized Debtors*

I hereby certify that on March 24, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/     Kathleen Kaupke